UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Quality Sleep Solutions, Inc.,
A New Mexico corporation,
EIN: 20-2704215,

Debtor.

No. 18-10785-11

## MOTION PURSUANT TO 11 U.S.C. § 363(f) TO SELL PROPERTY FREE AND CLEAR OF INTERESTS

Debtor, Quality Sleep Solutions, Inc. ("**Debtor**"), by and through its counsel of record William F. Davis & Assoc., P.C. (William F. Davis and Joel Alan Gaffney, Esqs.), hereby moves the Court, pursuant to 11 U.S.C. § 363(f), to authorize Debtor to sell certain property, as detailed below, free and clear of any interests in such property. In support thereof, Debtor states:

### Jurisdiction and Venue

1. The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and Administrative Order 84-0324 of the United States District Court for the District of New Mexico, dated March 19, 1992 (Burciaga, C.J.).

2. This is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (N).

3. Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. The Debtor owns and is in possession of inventory and equipment maintained at its locations in Hobbs, New Mexico and in Carlsbad, New Mexico (the "**Equipment**") that it previously used in the regular course of operation of those locations.

5. The Debtor has decided, exercising its business judgment, that continuing to maintain and operate its locations in Hobbs, New Mexico and in Carlsbad, New Mexico, is no longer

economically beneficial to the Debtor's continued operations.

6. The Equipment is not necessary to the day-to-day operation of the Debtor's business, and the Debtor, exercising its business judgment, believes that the Equipment's best value to the Debtor's business would come from selling it to a third party in the form of a going-out-of-business sale to be conducted on or around September 24, 2018.

7. New Mexico Bank and Trust ("**NMB&T**") has a security interest in the Equipment pursuant to a pre-petition security agreement pledging all the Debtor's assets to secure its claim. The Debtor contacted NMB&T's counsel to ask for permission to sell the Equipment and has not yet received permission.

8. The Debtor has sent out a notice substantially similar to the one attached hereto as **Exhibit A** to its referral providers.

9. Upon information and belief, no other party claims or may claim a security interest in the Equipment.

## Requested Relief and Grounds Therefor

10. By this Motion, Debtor seeks authorization from this Court to sell the Equipment, free and clear of all interests and claims therein, to any prospective purchaser for a sum determined by the Debtor at the time of sale to be reasonable under the circumstances. The Debtor intends to use the proceeds from the sale of the Equipment to cover the costs of closing its locations in Hobbs, New Mexico and in Carlsbad, New Mexico, and then to pay any surplus to NMB&T either before or after confirming a plan. The Debtor will maintain records of the Equipment sold and the price received for such sale.

11. 11 U.S.C. § 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents; [or]
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property . . . .

12. 11 U.S.C. § 363(f) may be satisfied via the first disjunctive requirement, providing that "applicable nonbankruptcy law permits sale of such property free and clear of such interest," or the third disjunctive requirement, providing that "the price at which such property is to be sold is greater than the aggregate value of all liens on such property[.]"

13. Regarding 11 U.S.C. § 363(f)'s second disjunctive requirement, the Debtor anticipates that NMB&T will consent to this sale, and in the event that NMB&T does not consent, the Debtor believes that the third disjunctive requirement will be met in any event.

14. Turning to 11 U.S.C. § 363(f)'s third disjunctive requirement, the meaning of "value of all liens on such property," *id.*, is governed by 11 U.S.C. § 506(a)(1), which provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such claim."

15. Although NMB&T has a security interest in the Equipment that secures a claim greater than the value of the Equipment, that claim is also secured by all the Debtor's other assets, and those assets, on information and belief, are worth substantially more than NMB&T's claim.

16. Because the price at which the Equipment will "be sold is greater than the aggregate value of all liens on the [Equipment]," *id.*, the proposed sale to any prospective purchaser for a sum determined by the Debtor at the time of sale to be reasonable under the circumstances satisfies the third disjunctive requirement of 11 U.S.C. § 363(f).

**Business Judgment**

17. The proposed sale is also in keeping with Debtor's sound business judgment. The

Equipment is no longer necessary to the Debtor's operations, so retaining it would not be beneficial to estate.

18. Based on its experience in the business and with the Equipment to be sold, Debtor believes that a sum determined by the Debtor at the time of sale to be reasonable under the circumstances will be a fair value for the Equipment.

19. Thus, Debtor is entitled to sell the Equipment to any prospective purchaser for a sum determined by the Debtor at the time of sale to be reasonable under the circumstances, under the standard set forth in 11 U.S.C. § 363(f) and consistent with Debtor's sound business judgment.

WHEREFORE, Debtor prays the Court enter an order:

A. Authorizing Debtor to sell the Equipment to any prospective purchaser for a sum determined by the Debtor at the time of sale to be reasonable under the circumstances free and clear of all claims and interests.

B. Directing that the proceeds of the sale be distributed to Debtor to be used in accordance with the strictures of the Bankruptcy Code; and

C. Granting such other and further relief the Court deems just and proper.

Respectfully submitted,

WILLIAM F. DAVIS & ASSOC., P.C.
/s/ electronically filed on 09/04/2018 JAG
William F. Davis, Esq.
Joel Alan Gaffney, Esq.
6709 Academy Rd NE, Ste A
Albuquerque NM 87109
Telephone: (505) 243-6129
Fax: (505) 247-3185
*Attorneys for Debtor in Possession*

I hereby certify that a true and correct copy of the foregoing document was uploaded on September 4, 2018 via the Court's CM/ECF system, whereupon service was automatically effected upon all parties registered therewith to receive service in this matter, including the United States Trustee's Office.

/s/ 09/04/2018  JAG

Motion Pursuant to 11 U.S.C. § 363(f) to
Sell Property Free and Clear of Interests
Page 4 of 5

Case 18-10785-j11    Doc 98    Filed 09/04/18    Entered 09/04/18 16:13:07 Page 4 of 10

William F. Davis, Esq.
Joel Alan Gaffney, Esq.

F:\Quality Sleep Solutions, Inc.\Pleadings\363 Motion090418 Hobbs Carlsbad Equipment.jag

Motion Pursuant to 11 U.S.C. § 363(f) to　　　Page **5** of **5**
Sell Property Free and Clear of Interests
Case 18-10785-j11    Doc 98    Filed 09/04/18    Entered 09/04/18 16:13:07 Page 5 of 10




September 4, 2018

Dear Provider,

This letter is to inform you that The Carlsbad Sleep Center, located at 1412 N. Eighth Street, Unit C, will be closing permanently on September 21, 2018. All patient medical records are available via fax and may be requested by calling 505.891.3344.

We would like to thank you for trusting us with your patient's care over the past two and a half years and the support we have garnered in Carlsbad and the surrounding area. Unfortunately, the Carlsbad Sleep Center must close due to a massive decrease in insurance reimbursements. We tried our best to work with these reduced revenues but in the end, it proved to be too large. We will assist in transitioning your patient's care to another sleep medicine provider and have included a list below. If they are currently on PAP therapy for the treatment of obstructive sleep apnea, we will continue to supply them with their replacement items until a new provider can be found. You may call our main office at 505.891.3344 for assistance.

We will be holding a going out of business sale starting September 24, 2018 in an effort to clear out our office space. If you wish to purchase any sleep center furniture, please contact us by phone at 505.274.5673 or via email at amelendrez@qualitysleepsolutions.com. We greatly appreciate your support and best wishes for your future sleep health.

Sincerely,

*Andrew Melendrez*
Andrew Melendrez
President

| Carlsbad Medical Center | Artesia General Hospital |
|---|---|
| 2430 W. Pierce St. | 702 North 13th Street |
| Carlsbad, NM 88220 | Artesia, NM 88210 |
| 575.887.4141 | 575.736.8484 |

1412 N. Eighth Street, Suite C
Carlsbad, NM 88220
Phone: 575.263.2789   Fax: 575.208.7225
www.qualitysleepsolutions.com



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Quality Sleep Solutions, Inc.,
A New Mexico corporation,
EIN: 20-2704215,

Debtor.                                             No. 18-10785-11

### ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF INTERESTS PURSUANT TO 11 U.S.C. § 363(f)

THIS MATTER came before the Court on Debtor's Motion Pursuant to 11 U.S.C. § 363(f) to Sell Property Free and Clear of Interests ("**Motion**"), filed on September 4, 2018. Doc.___. Notice of the deadline to file objections to the Motion ("**Notice**") was served on all creditors and parties in interest on September 4, 2018. The Court, being sufficiently advises in the premises, finds as follows:

1. This Court has jurisdiction over the parties and subject matter relating to the Motion. This is a core proceeding. Venue of this proceeding is proper before this Court.

2. The Debtor owns and is in possession of inventory and equipment maintained at its locations in Hobbs, New Mexico and in Carlsbad, New Mexico (the "**Equipment**") that it previously used in the regular course of operation of those locations.

Order Approving Sale of Property Free and          Page 1 of 4
Clear of Interests Pursuant to 11 U.S.C. § 363(f)

3. The Debtor has decided, exercising its business judgment, that continuing to maintain and operate its locations in Hobbs, New Mexico and in Carlsbad, New Mexico, is no longer economically beneficial to the Debtor's continued operations.

4. The Equipment is not necessary to the day-to-day operation of the Debtor's business, and the Debtor, exercising its business judgment, believes that the Equipment's best value to the Debtor's business would come from selling it to a third party in the form of a going-out-of-business sale to be conducted on or around September 24, 2018.

5. New Mexico Bank and Trust ("**NMB&T**") has a security interest in the Equipment pursuant to a pre-petition security agreement pledging all the Debtor's assets to secure its claim.

6. NMB&T received adequate notice of this Motion and has not objected to the relief requested herein.

7. No other party claims or may claim a security interest in the Equipment.

8. Debtor filed the Motion on September 4, 2018, seeking permission to sell the Equipment free and clear of interests under 11 U.S.C. § 363(f). Doc. __.

9. On September 4, 2018, Debtor filed and served the Notice.

10. The Notice was sufficient in form and content.

11. No objections were filed to the Motion.

12. The proposed sale of the Equipment to a third party in the form of a going-out-of-business sale to be conducted on or around September 24, 2018 is in good faith, within the meaning of 11 U.S.C. § 363(m), and is consistent with Debtor's sound business judgment. The proposed sale price of a sum determined by the Debtor at the time of sale to be reasonable under the circumstances for the Equipment is reasonable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. Debtor is hereby authorized to sell the Equipment to any prospective purchaser for a sum

determined by the Debtor at the time of sale to be reasonable under the circumstances, and to execute a bill of sale or any other such document as needed to convey the Equipment;

B. Such third party shall take title to the Equipment free and clear of all liens and interests;

C. Any sales of such Equipment the Debtor has made subsequent to the filing of the Motion and prior to the entry of this Order are hereby approved retroactively, provided that the Debtor accounts for the Equipment sold and the value received therefrom within fourteen (14) days after the sale; and

D. The proceeds of the sale shall be distributed to Debtor to be used in accordance with the strictures of the Bankruptcy Code;

###END OF ORDER###

Submitted by:

WILLIAM F. DAVIS & ASSOC., P.C.
/s/ electronically submitted on 9/29/2018
William F. Davis, Esq.
Joel Alan Gaffney, Esq.
6709 Academy Rd NE, Ste A
Albuquerque NM 87109
Telephone: (505) 243-6129
Fax: (505) 247-3185
*Attorneys for Debtor in Possession*

F:\ Quality Sleep Solutions, Inc.\Pleadings\Proposed Order Approving 363 Motion of Equipment.jag

Order Approving Sale of Property Free and            Page 4 of 4
Clear of Interests Pursuant to 11 U.S.C. § 363(f)
Case 18-10785-j11    Doc 98    Filed 09/04/18    Entered 09/04/18 16:13:07    Page 10 of 10